WILLARD W. WHITE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ARTHUR P. POLLARD, PETITIONER, *v.* COMMISSIONDR OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 31300, 31301. Promulgated January 8, 1931.

*Joseph D. Brady, Esq.*, and *F. E. Youngman, Esq.*, for the petitioners.

*Eugene Meacham, Esq.*, for the respondent.

1090

OPINION.

MARQUETTE: The petitioners contend that the partnership of White & Pollard is entitled to a deduction for the year 1923, either as a loss or as an ordinary and necessary business expense, in the amount of $21,475.73 on account of payments made on the debts of the partnership of Page & White. The Revenue Act of 1921 provides that:

SEC. 214. (a) That in computing net income there shall be allowed as deductions:

(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * *

* * * * * * *

(4) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in trade or business.

The evidence shows that the payment by White & Pollard of $1,475.73 on account of ranch supplies purchased by Page & White occurred in 1922, and since both the partnership and the petitioners were on the cash receipts and disbursements basis, they are not entitled to deduct that item in their returns for 1923. The evidence also shows that only $11,000 of the $20,000 settlement made with the Bank of Willows was paid in 1923, the remainder being represented by a promissory note of White & Pollard which was paid in 1924 and thereafter; and of the $11,000, it appears from the agreement of settlement that $10,000 was paid by one Carlos G. White, of whose connection with the petitioners or the partnership of White & Pol-

lard we are not apprised. It thus appears that only $1,000 was clearly and indisputably paid by White & Pollard to the Bank of Willows in 1923. In this situation it may well be questioned on other grounds whether the petitioner is entitled to deduct $19,000 of the amount claimed, but we prefer to rest our decision on the broad ground that no part of the deduction taken is allowable because it does not represent either a loss to, or an ordinary and necessary business expense of, the partnership of White & Pollard.

The evidence shows that the payment of $20,000 to the Bank of Willows was made, or promised, in settlement of a separate, individual debt of the petitioner Willard W. White, a debt not created by the firm of White & Pollard and in no way connected with, or growing out of the business of that firm. The debt thus adjusted and settled was created two or three years before the partnership of White & Pollard was organized. The only relation between the partnership business and the settlement with the bank was that one member of the firm became relieved of worry and annoyance, and possibly avoided a law suit. This mental relief to one member may have conferred some benefit upon the partnership, and, if so, it may have been expedient for the firm to incur the expense of the settlement. But not every expedient expenditure falls within the statutory provisions of " ordinary and necessary expenses paid or incurred in carrying on a trade or business." To be deductible as a business expense, the expenditure " must have in a direct sense some reasonable relation to the taxpayer's business." *Thomas Shoe Co.*, 1 B. T. A. 124; *Bell-Rogers & Zemurray Brothers Co.*, 4 B. T. A. 687.

The petitioners have cited several decisions of this Board in support of their argument. An examination of them shows in each instance a much closer relation between the payments and the businesses involved than exists in the present proceedings. Thus, in *Super-heater Co.*, 12 B. T. A. 5, a deduction was allowed for the amount paid to compromise a claim and avoid litigation. The threatened and imminent litigation grew out of certain acts of the taxpayer in the conduct of its business. In the case before us, however, the partnership made a settlement of a debt which did not grow out of its business, which the partnership did not owe, upon which litigation, though threatened, was very improbable, and to which the debtor had a complete defense. The *Superheater Co.* case is so different in its facts from the facts we have here that it can not be considered an authority in this proceeding. Similar distinctions are found in the other decisions cited by the petitioners. In our opinion the settlement in question did not bear such relation to the partnership business of these petitioners as to justify a deduction in its account as a business expense within the meaning of the statute.

Nor do we think the deduction can be allowed as a loss. In Webster's dictionary, loss is defined as the "act or fact of suffering deprivation; especially, unintentional parting with something." Here, the settlement which it is claimed caused deprivation to the firm of White & Pollard was not inadvertent nor unintentional, but was willing, voluntary, and deliberately intended. It does not fall within the meaning of a loss, as contemplated by the Revenue Act.

*Judgment will be entered for the respondent.*